UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**NELSON ORTIZ LABOY, Individually and on behalf of all other persons similarly situated**,

Civil Action No.

*Plaintiff,*

v.

**KELLERMEYER BERGENSONS SERVICES, LLC,**

*Defendant.*

## CLASS ACTION COMPLAINT

Plaintiff, Nelson Ortiz Laboy, individually and on behalf of all other persons similarly situated, through counsel, by way of Complaint, allege as follows:

### NATURE OF ACTION

1.     Plaintiff, on behalf of himself and all others similarly situated, bring this class action against Defendant, Kellermeyer Bergensons Services, LLC ("KBS"), to recover unpaid minimum and overtime wages due under New York's Wage and Hour Law.

2.     KBS claims it is North America's largest privately-owned facility services provider, servicing more than 100,000 locations in all 50 states.

3.     At all times, Plaintiff, and those similarly situated, performed janitorial services on KBS's behalf at Amazon facilities located in New York.

4.     Plaintiff, and those similarly situated, were jointly employed by Defendant KBS and Majestic Quality Maintenance ("MQM"), a subcontractor KBS used to staff the Amazon jobs.

5.     While MQM provided certain personnel, KBS controlled all aspects of the work performed at the Amazon locations, including providing security clearances, issuing safety vests with KBS insignia, providing training, designating "shift leads," providing cleaning equipment,

setting work schedules, preparing checklists, tracking labor hours, and terminating MQM personnel. KBS and MQM employees at Amazon were indistinguishable and interchangeable.

6.    Despite its control over the MQM personnel, as of November 2021, KBS knew that MQM's personnel were not being compensated consistent with the law.

7.    Plaintiff seeks damages on behalf of a Rule 23(b)(3) Class pursuant to New York law for those janitorial services workers who were jointly employed by KBS and MQM during the relevant time period at Amazon facilities in New York and were not paid either minimum wage or overtime for work performed more than forty (40) hours per workweek.

## PARTIES

8.    Plaintiff is an adult individual residing in the City of Tory, in the State of New York.

9.    KBS is limited liability company incorporated in the State of Delaware, and is located at 3605 Ocean Ranch Boulevard, Suite 200, Oceanside, CA 92056.

10.    Upon information and belief, KBS, is the largest privately held provider of facility services, including contracted cleaning and janitorial services to industry clients, in North America.

## JURISDICTION AND VENUE

11.    Jurisdiction is founded on diversity of citizenship pursuant to 28 U.S.C. § 1332.

12.    KBS is a foreign corporation.

13.    At all times, KBS purposely established significant contacts in Pennsylvania, have carried out, and continue to carry out, substantial continuous and systematic business activities in this judicial district.

14.    Venue is proper in this judicial district because there is a first filed action that is

2

substantially similar to this action.  Litigating in separate venues (New York and Pennsylvania) could result in inconsistent results and waste judicial resources.

## **GENERAL ALLEGATIONS RELEVANT TO ALL CLAIMS**

15.     KBS claims to be North America's largest privately-owned facility service providers.  KBS provides cleaning services at 100,000 client locations in all 50 states.

16.     KBS boasts on its website that its "employees come to work each day with a great attitude, ready to deliver superior service to our clients. Our dedication to our people means we offer opportunities to pursue career growth, development, and leadership. We deeply value our employees and are committed to creating a best-in-class workplace with competitive salaries and benefits." *See* https://www.kbs-services.com/about/careers/.

17.     At all times, KBS provided janitorial services to an Amazon Fulfillment Center, located at 1835 US-9 #2134, Castleton-On-Hudson, New York 12033.

18.     In supplying those services, KBS used MQM to provide staff to perform the janitorial work.

19.     In so doing, KBS exercised control over Plaintiff and the Class's hours, working conditions, and employment status.

20.     KBS had the power to hire and fire, supervise and control Plaintiff and the Class's work schedule and/or conditions of employment, and maintain their employment records.

21.     KBS required that Plaintiff and the putative Class wear vests with the KBS insignia on them while performing janitorial services at the various Amazon facilities around the State of New York, and provided Plaintiff and the class with ID cards, and training on how to do their jobs at the subject Amazon facility:

3



...



...



22.    KBS employed various managers and supervisors at the various facilities to direct and control the Plaintiff's work.

23.    Plaintiff and the putative class members were told by these various KBS managers and supervisors to clock-in and out using the KBS Presence app on their smart phones.

24.    While performing janitorial services at KBS's direction, Plaintiff and class members regularly worked more than 40 hours a week and were entitled to overtime compensation.

25.    On November 2, 2021, KBS was sued in the District of Massachusetts for violations of the Fair Labor Standards Act and Massachusetts wage laws for failing to provide overtime compensation to individuals who performed janitorial services at Amazon facilities through MQM on KBS's behalf. *Baez, et al. v. Kellermeyer Bergensons Services, LLC*, No. 21-cv-11784-ADB (D. Mass.). That lawsuit was settled and approved by the Court on October 10, 2024.

5

26.     As a result, KBS knew or should have known that Plaintiff and class members were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation.

27.     Upon information and belief, KBS knew or should have known that they had a duty to maintain accurate and complete payroll records in accordance with both federal and state law, but willfully, knowingly, and intentionally failed to do so.

### FACTUAL ALLEGATIONS – PLAINTIFF NELSON ORTIZ LABOY

28.     Plaintiff worked at an Amazon facility performing janitorial services on KBS's behalf via MQM. He worked at the Amazon facility in Hudson, New York between June 2021 until June 2023.

29.     Plaintiff predominately speaks only Portuguese. At the time he began his employment at Amazon, he was not provided a notice, in English or Portuguese, containing his rates of pay, designated him as an hourly employee, the name of his employer, or the date on which he would be paid as required by New York law. NY LABOR § 195

30.     Plaintiff Nelson Ortiz Laboy's primary duties included, without limitation, cleaning, picking up and removing trash, and general janitorial services of warehouse work areas.

31.     At the time of hire, Plaintiff's two primary supervisors were Chris Gonzalez and Ivone Amaya and at no point did these supervisors inform him he would not be paid proper overtime.

32.     Plaintiff typically worked 12 hours per day and 5-6 days per week.

33.     At the time of Plaintiff's employment, he was compensated approximately $14.00 per hour. As of December 31, 2022, New York's minimum wage was $14.20 for counties outside

6

of New York City, Nassau, Suffolk and Westchester counties. 12 NYCRR 142-2.1(3).

34.    Throughout Plaintiff's employment with KBS, Plaintiff consistently worked 40 hours or more each week.

35.    Throughout Plaintiff's work at the Amazon facility on KBS's behalf he was not paid overtime for this additional labor.

## CLASS ACTION ALLEGATIONS

36.    Plaintiff also brings this action on his own behalf, as well as on behalf of a Fed. R. Civ. P. 23(b)(3) class pursuant to New York Labor Law § 650 *et seq.* and 12 NYCRR § 142-2.2.

37.    Plaintiff seeks to represent a proposed Class of similarly situated individuals who are current and former employees of KBS in New York, currently defined as follows:

> All persons who worked on behalf of Defendant, KBS at an Amazon facility as an hourly-paid janitorial employee in New York who did not receive overtime compensation from July 1, 2019, until the date of trial ("Class").

38.    Plaintiff reserves the right to redefine the Class and to add additional subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

39.    The individuals in the proposed Class are so numerous that joinder of all members is unfeasible and impracticable, pursuant to under Rule 23(a)(1).

40.    Currently, the membership of the entire class is unknown to Plaintiff. However, the class is estimated to be greater than 100 individuals and the identity of such membership is readily ascertainable by inspection of KBS's records.

41.    Common questions of law and fact exist as to all members of the proposed Class, including but not limited to:

(i)    Whether KBS exercised control over Plaintiff and the Class to be their joint employer;

(ii)    Whether KBS knew Plaintiff and the Class were not receiving overtime as required by New York law;

(iii)   Whether Plaintiff was paid minimum wage consistent with New York law;

(iv)   Whether the members of the Proposed Class are non-exempt employees entitled to overtime payment for all hours in excess of 40 hours in any given work week;

(v)    Whether KBS's actions, inactions, failures or refusals violated New York Labor Law § 650 *et seq.* and 12 NYCRR § 142-2.2;

(vi)   Whether KBS's actions, inactions, failures or refusals were willful violations of New York Labor Law § 650 et seq. and 12 NYCRR § 142-2.2 as alleged by Plaintiff; and

(vii)   The proper measure of damages sustained by the members of the proposed Class.

42.    Plaintiff's claims are typical of those of the proposed Class.

43.    The questions of law and fact common to the Class predominate over any questions solely affecting individual members of the proposed Class.

44.    Plaintiff will fairly and adequately represent the interests of the Class, as they are directly impacted by KBS's acts and omissions and the interests of the named plaintiff are not antagonistic to the proposed class as a whole and have retained counsel experienced in wage and hour and class action litigation.

45.    A class action is superior to other methods for fairly and efficiently adjudicating this dispute.

## CAUSES OF ACTION

### COUNT I
### Unpaid Overtime Wages Under New York Wage and Hour Law
### On Behalf of the Rule 23(b)(3) Class Only

46.     Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

47.     At all times, Plaintiff and members of the Proposed Class were "employees" and KBS was an "employer" within the meaning of the New York Labor Laws.

48.     At all times relevant to this action, KBS exerted control over Plaintiff and the Class, including supervision, training, tracking and recording labor hours, and possessed the power to terminate them at will.

49.     As such, KBS was required under 12 NYCRR 142-2.1 to ensure Plaintiff and the Class received minimum wage and pursuant to 12 NYCRR § 142-2.2 ensure they received "overtime at a wage rate of one and one-half times the employee's regular rate." KBS was all required to ensure employees received the notice required by NY Labor § 195.

50.     At all times relevant to this action, the New York Labor Law § 663 *et seq.* was in effect, which holds that "if any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article, he or she shall recover in a civil action the amount of any such underpayments, together with costs all reasonable attorney's fees."

51.     At all times, KBS had control over Plaintiff and the Class, and at least by November 2021, had actual notice that Plaintiff and the Class were not being compensated pursuant to the applicable laws.

52.     As a result of KBS's Defendants have violated the New York Labor Laws and are liable to Plaintiff and other members of the putative class in an amount to be determined at trial,

9

plus interest, attorneys' fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment against Defendant Kellermeyer Bergensons

Services, LLC, as follows:

a) For an order certifying the Rule 23(b)(3) New York Class and appointing Plaintiff and Plaintiff's counsel to represent the Class;

b) For an order awarding Plaintiff and the Class actual damages, including unpaid minimum wage and overtime pay permitted by law pursuant to the New York Labor Law, liquidated damages, and prejudgment interest as a result of the wrongful conduct complained of herein;

c) For an order awarding Plaintiff and the Class $50, not to exceed $5,000, for each work day they worked where Defendant failed to supply notice as required by NY Labor § 195;

d) For an order awarding Plaintiff and the Class reasonable attorneys' fees and costs of suit, including expert witness fees; and

e) For an order awarding such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

The Plaintiff and the putative Class hereby demand trial by a jury of all issues triable by

right.

DATED: July 22, 2025                    BY:    */s/ Patrick Howard*
                                               Larry Bendesky (PA Atty ID #51026)
                                               Patrick Howard (PA Atty ID #88572)
                                               Adam J. Pantano (PA Atty ID #85261)
                                               Scott Fellmeth (PA Atty ID #321505)
                                               **SALTZ MONGELUZZI BENDESKY**
                                               One Liberty Place, 52nd Floor
                                               1650 Market Street
                                               Philadelphia, PA 19103
                                               Tel:(215) 575-3986

                                               *Counsel for Plaintiff and the Proposed Class*